UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHATARI COLEMAN,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

    Defendant.

No. 2:17-cv-1069-EFB

MEMORANDUM AND ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 16 & 22. For the reasons that follow, the Commissioner's cross-motion is denied, plaintiff's motion is granted, and the matter is remanded for further administrative proceedings.

BACKGROUND

On August 3, 2010, plaintiff filed an application for SSI which alleged that he had been disabled since April 16, 2007. Administrative Record ("AR") at 339-45. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 131-41. After plaintiff failed to appear for an administrative hearing, an Administrative Law Judge dismissed plaintiff's request for a hearing. *Id*. at 125. The Appeals Council subsequently granted plaintiff's request for review, vacated the dismissal order, and remanded the matter for further proceedings. *Id*. at 128-129.

On November 10, 2015 and June 24, 2016, hearings were held before administrative law judge ("ALJ") Robert Milton Erickson. *Id*. at 41-98. Plaintiff was represented by counsel at both hearings. Plaintiff and a vocational expert testified at the November 10, 2015 hearing, and a medical expert and vocational expert testified at the June 24, 2016 hearing. *Id*. On August 3, 2016, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id*. at 24-33. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since August 3, 2010, the application date (20 CFR 416.971 *et seq*.).

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

2. The claimant has the following severe impairments: history of traumatic brain injury with residual cognitive disorder; lumbar degenerative disc disease; history of seizure disorder; obesity; depressive disorder NOS; and anxiety disorder NOS (20 CFR 416.920(c)).

   * * *

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

   * * *

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except with the following limitations: lift and carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk 6 hours in an 8 hour day; sit 6 hours in an 8-hour day; occasionally balance, stoop, crouch, kneel and climb ramps and stairs; no climbing ropes, ladders or scaffolds; perform no more simple repetitive tasks; no employment that requires high productivity goals; no work involving unprotected heights, driving a commercial vehicle or dangerous moving machinery; and would need supervisors to provide additional instructions on job duties at least once a week. Occasionally is defined as occurring from very little up to one-third of the time, or approximately 2 hours in an 8-hour workday. Frequently is defined as occurring from one-third to two thirds of the time or approximately 6 hours in an 8-hour workday.

   * * *

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1981, and was 28 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant could perform (20 CFR 416.969 and 416.969(a)).

   * * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 3, 2010, the date the application was filed (20 CFR 416.920(g)).

AR at 26-33.

| | |
|---|---|
| 1 | Plaintiff's request for Appeals Council review was denied on March 24, 2017, leaving the |
| 2 | ALJ's decision as the final decision of the Commissioner. *Id.* at 1-3. |

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## ANALYSIS

Plaintiff argues that the ALJ erred in (1) failing to offer substantial evidence that plaintiff did not meet or equal Listing 12.02 (Organic Mental Disorder); (2) basing his RFC on an inaccurate interpretation of the medical evidence; and (3) failing to offer substantial evidence for rejecting a treating physician assistant's opinion. The court finds plaintiff's second argument persuasive and does not reach the third. Given that plaintiff would be found disabled if his first argument were credited, however, the court will address it.

/////

/////

4

I.     Listing 12.02

The ALJ found that "[t]he severity of the claimant's impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.02, 12.04 and 12.06." AR at 27. The ALJ specifically determined that the claimant had: (1) moderate restriction in activities of daily living; (2) mild difficulties in social functioning; (3) concentration, persistence and pace; and (4) no episodes of decompensation. *Id.* Plaintiff argues that these findings were not supported by substantial evidence.

A.   Applicable Legal Standards

The listings at 20 C.F.R. Pt. 404, Subpt. P, App. I detail impairments of major body systems which are "considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525(a), 416.925(a). If a claimant's impairment matches a listing, "she is judged to be disabled without the need to conduct any further analysis." *Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003). "In order to meet a listed impairment in Appendix 1 for a mental disorder, a claimant must satisfy criteria in paragraph A, which medically substantiate the presence of a mental disorder, and the criteria in paragraphs B or C, which describe the functional limitations associated with the disorder which are incompatible with the ability to work." *Holohan v. Massanari*, 246 F.3d 1195, 1203-04 (9th Cir. 2001).

In order to satisfy listing 12.02 paragraph B criteria, a claimant must have an organic mental disorder which results in at least two of the following: (1) marked restriction of activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1.

The Ninth Circuit has held that "[a]n ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). "A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Id.*

/////

/////

B. <u>Argument</u>

The ALJ's finding that plaintiff did not meet listing 12.02 was supported by substantial evidence. In his decision the ALJ noted that a 2011 behavioral health screening determined that plaintiff was comfortable around others, had no difficulty in sleeping or concentrating, and was not nervous or depressed. AR at 30, 656-57. And the ALJ correctly noted that other records from 2011 indicated that: (1) plaintiff could take public transportation (AR at 662); (2) was able to drive himself to his medical appointments (*id.* at 718); and (3) had no current medications for his mental health issues (*id.* at 720). Finally, as the ALJ's decision found, plaintiff had applied for jobs with fast food restaurants in 2014 and was able to interview, though he was not hired – purportedly due to his criminal history. *Id.* at 879.

Plaintiff cites to other parts of the record to establish that he has: (1) marked restrictions in maintaining concentration, persistence, or pace; (2) marked restrictions activities of daily living; and (3) marked difficulties in social functioning. ECF No. 16 at 8-13. The court acknowledges that the record contains competing inferences – some of which support the ALJ's conclusion and others which support plaintiff's assertions regarding the severity of his mental health issues. Indeed, parts of the record are in direct conflict with each other. In a January 7, 2011 psychological evaluation the provider recounts that plaintiff "is unable to travel by himself because he gets lost and confused by directions." AR at 653. By contrast and, as noted *supra*, other evidence indicated that plaintiff could both drive himself and take public transportation. Similarly, plaintiff cites to portions of the record which indicate that he had issues with regular bathing, shaving, and hair styling. ECF No. 16 at 11. Other portions of the record, however, indicate that plaintiff presented as "well-groomed." AR at 720. It is well settled that, "[i]f the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). The substantial evidence standard is not overly demanding insofar as it requires "more than a mere scintilla but less than a preponderance." *Id.* at 1018. As discussed above, that standard is satisfied as to this step.

Based on the foregoing, the court finds that the ALJ did not err in concluding that plaintiff did not meet listing 12.02.

6

## II. Plaintiff's RFC

Plaintiff argues that the ALJ erred in formulating his RFC. Specifically, he notes that the ALJ gave significant weight to the opinion of psychiatrist Randy Kolin – in particular Dr. Kolin's assessment that plaintiff would be "unable to perform work activities on a consistent basis without special or additional instruction . . . ." ECF No. 16 at 13; AR at 30. He contends that the ALJ erred, however, in incorporating this limitation as plaintiff "would need supervisors to provide additional instructions on job duties *at least once a week*." AR at 28 (emphasis added). Plaintiff claims that this 'once per week' limitation has no basis in Dr. Kolin's actual opinion and the ALJ failed to provide other, substantial evidence to support it.

### A. Applicable Legal Standards

The RFC is the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). An ALJ's RFC assessment must be supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

### B. Argument

The ALJ failed to support his "once a week" qualification to plaintiff's limitations with substantial evidence. He notes that Dr. Kolin "opined that the claimant was able to perform one or two-step simple repetitive tasks but was unable to perform work activities on a consistent basis without special or additional instruction due to memory difficulties . . . ." AR at 30. But nothing in Dr. Kolin's opinion indicates how often a "special or additional instruction" would have to be given in order to accommodate plaintiff's memory issues. The ALJ does not cite to any other record evidence which supports the applicability of the assessed limitation. Nor does he undertake, in any other way, to explain how he arrived at the weekly limitation. Thus, the court concludes that the ALJ failed to support this determination with any evidence which "a reasonable mind might accept as adequate to support [his] conclusion." *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Commissioner points to other decisions by the Ninth Circuit which have affirmed an ALJ's translation of a physician's assessed limitations into an RFC. *See Stubbs-Danielson*, 539

F.3d 1169, 1174 (9th Cir. 2008) (holding that an RFC did not amount to a rejection of a medical opinion where the ALJ translated the claimant's limitations into "the only concrete restrictions available to him"); *see also Terrey v. Berryhill*, 696 F. App'x 831, 833 (9th Cir. 2017) (unpub.) (holding that an RFC for simple, unskilled work that was to be checked two to three times a day by a supervisory properly accounted for a medical opinion that claimant required supervision and had moderately severe limitations in performing mental work-related activities). The cases cited by the Commissioner are distinguishable. Unlike *Stubbs-Danielson*, it is far from clear that a once per week re-instruction was "the only concrete restriction" available to the ALJ in this case. The ALJ does not, for instance, articulate why a once-per week re-instruction would be more appropriate than one given twice a week or once per day, or even twice or more per day. *Terrey* is also distinguishable. In *Terrey*, the relevant physician opinion stated that supervision was required in order for the claimant to work. 696 F. App'x at 833. The ALJ in that case translated this limitation into an RFC for "simple and unskilled work" that was to be checked by a supervisor "two or three times a day" – a translation far more restrictive than the weekly reiteration of instruction offered in this case. *Id.* This court does not interpret *Stubbs-Danielson* to mean that any translation of a medically diagnosed limitation by an ALJ should be automatically upheld – particularly where the ALJ offers no indication as to how he concluded that a particular translation was the most appropriate.

It is indisputable that Dr. Kolin's diagnosed limitation was ambiguous and offered little in the way of guidance. Kolin assessed plaintiff's "ability to understand, remember, and carry out job instructions was assessed to be mildly impaired." AR at 713. He also, however, relayed that plaintiff performed poorly on a memory test and was able to recall only "1 out of 3 words after a brief delay." *Id.* at 711. Rather than attempting to translate Kolin's assessments into a limitation without the necessary context, however, it would have been more appropriate for the ALJ to supplement the record. This duty arises where, as here, the evidence is ambiguous. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Finally, the court cannot find – as the Commissioner argues it should – that the ALJ's error was harmless. The Commissioner points to the fact that, at the June 2016 oral hearing, a

8

vocational expert testified that there were jobs in the economy that plaintiff could perform even if he required additional instruction once per day. AR at 54. The following exchange occurred at the June hearing:

> Q: Okay. If the individual would have to – with the supervisor would have to provide additional instructions on the job duties once a day, would that change your response?
>
> A: It would really depend, Your Honor, on the nature of the supervision. Is it observational, is it --
>
> Q: No, no. The --
>
> A: –interactive?
>
> Q: No, the supervisor would have to physically come to the individual's work station and explain some aspect of the work duties once a day.
>
> A: No, I don't believe that's – that would erode the jobs, Your Honor, but it's not going to eliminate.

*Id.* at 54. It is not axiomatic that a daily explanation of "some aspect of the work duties" would necessarily comport with the limitation assessed by Dr. Kolin. Consequently, this argument requires this court to step outside its reviewing role and resolve an ambiguity that the ALJ did not expressly consider. It would be inappropriate for this court to do so. *See Andrews*, 53 F.3d at 1039 ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."). The ALJ may consider this issue, if he deems it appropriate, on remand.

### III. Remand for Additional Proceedings

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A court should remand for further administrative proceedings, however, unless it concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). The court cannot say that additional proceedings would have no utility in the present case. That the ALJ failed to provide substantial evidence supporting the RFC in this instance does not necessarily compel a finding that he is *unable* do so.

/////

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is GRANTED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 22) is DENIED;
3. This matter is REMANDED for further administrative proceedings; and
4. The Clerk is directed to enter judgment in the plaintiff's favor and close the case.

DATED: September 12, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE